UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

     -v-

DIEGO TANTILLO,

         Defendant.
-------------------------------------------------x
UNITED STATES OF AMERICA,

     -v-

ANGELO GRADILONE,

         Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:23-cr-00443 (FB)

*For the Government*:
ANDREW M. RODDIN
DOJ-USAO
U.S. Attorney's Office, Eastern District of
New York
271-A Cadman Plaza East
Brooklyn, NY 11201

*For Defendants*:
ANDREW J. WEINSTEIN
The Weinstein Law Firm PLLC
800 Third Avenue, 18th floor
New York, NY 10022

MICHAEL K. SCHNEIDER
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

     On November 8, 2023, Magistrate Judge Reyes ordered Defendants Tantillo

and Gradilone (together, "Defendants") detained.  Tantillo and Gradilone appealed.

The Court vacates both detention orders and refers Defendants to the duty Magistrate to execute the appearance bond attached to this opinion.

## I.    BACKGROUND

Tantillo and Gradilone are two of ten defendants charged for allegedly conducting organized crime as members or associates of the Gambino Crime Family.  Tantillo has been charged with RICO conspiracy, extortion, extortion conspiracy, theft, theft conspiracy, embezzlement, and wire fraud conspiracy. Gradilone has been charged with RICO conspiracy and theft.

On November 8, 2023, Magistrate Judge Reyes held a hearing to determine if pre-trial detention was warranted.  At the hearing, Tantillo argued that he did not pose a risk of flight or of obstruction of justice, and that the Government had not sufficiently shown that there were no conditions that could reasonably assure his appearance and the safety of the community.  Gradilone argued that the Government had not shown that it was entitled to a detention hearing under 18 U.S.C. § 3142(f) because he had not been charged with a crime of violence, and there was no serious risk of flight or obstruction.  Magistrate Judge Reyes found that Defendants had not "come forth with sufficient evidence to rebut the presumption to warrant detention[,]" and that the government had "submitted

2

extensive evidence" to justify pre-trial detention.  The Court held a hearing on the appeals on November 21, 2023.[1]

## II.   DISCUSSION

The Court reviews the order of detention *de novo*. *See, e.g.*, *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) ("[A] district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate but reach its own independent conclusion.").

Under the Bail Reform Act, the starting point is that a pre-trial detainee is entitled to release.  18 U.S.C. § 3142. As the Supreme Court has explained, pre-trial detention is a "carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).  It should be applied to only a "limited group of offenders." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987).

As both parties agree that a rebuttable presumption of detention does not apply under § 3142(e)(2)-(3), the Court must consider whether the Government has met its burden to show that pre-trial detention is needed.  In this inquiry, courts

---

[1] Of the remaining Defendants, the five who have proffered bail packages — Vicari, Rappa, Minsquero, Brooke, and DiLorenzo — have all been granted conditional release.  Johnson and Lanni have not yet proffered bail packages. LaForte is detained in Philadelphia on separate charges.

apply a two-step analysis.  First, the court must consider whether the government has shown by a preponderance of evidence that a detention hearing is warranted under § 3142(f).  *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).  The Government can meet this burden by showing either that the charged offense falls within any of the five subcategories set forth in § 3142(f)(1)(A)-(E), or that the defendant poses a serious risk of flight or obstruction of justice.  *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019).

If a detention hearing is warranted, the Government must next demonstrate that no "condition or combination of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial."  *Friedman*, 837 F.2d at 49.  To support detention based on danger to the community, the Government's proof must be clear and convincing, while detention based on risk of flight must be proved by a preponderance of the evidence.  *See United States v. Madoff*, 586 F. Supp. 2d 240, 247 (S.D.N.Y. 2009) (citing *Shakur*, 817 F.2d 189, 195 (2d Cir. 1987); *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986)).  In making this determination, the court is to consider the nature of the offense, the weight of the evidence against the defendant, the history and characteristics of the person charged, and the nature and seriousness of the risk to the community.  18 U.S.C. § 3142(g).

Gradilone argues that the Government has not shown that a detention hearing is warranted because neither of his charged offenses — theft and RICO conspiracy — is a crime of violence under § 3142(f)(1). *See Watkins*, 940 F.3d at 163-64 (applying the categorical test for crime of violence to the Bail Reform Act). This argument is academic because the Government has met its initial burden under § 3142(f)(2) that Gradilone poses a serious risk of flight or obstruction of justice. *See, e.g.*, *United States v. Dodge*, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (holding that the possibility of a "severe sentence" heightens the risk of flight). Tantillo concedes that the Government was entitled to a detention hearing.

The Government has not shown, however, that pre-trial detention is needed. After carefully considering the evidence presented by the parties, both to this Court and to Judge Reyes, and the § 3142(g) factors, the Court finds that the Government has not met its burden to overcome the presumption of liberty afforded to both Defendants. Specifically, it has failed to show that there are no conditions that could reasonably assure the appearance of the Defendants and the safety of the community. The specific circumstances of each Defendant do not indicate a risk of flight that could not be mitigated by appropriate conditions of release.

Regarding danger to the community, the Court notes that both Defendants have consented to home detention and strict monitoring by pre-trial services. *See*

5

*United States v. Campos*, No. 19-CR-575-2 (FB), 2019 WL 7049953, at *2

(E.D.N.Y. Dec. 23, 2019) (finding that travel restrictions, home confinement,

monitoring, and significant bond secured by property of family and friends was

sufficient to grant pre-trial release).  These stringent protections, and the high

penalties Defendants will incur if they are violated, are reasonably sufficient to

assure the safety of the community before Defendants are tried.  Accordingly, the

Court concludes that the attached bond package is sufficient and pre-trial detention

is not warranted for these Defendants.

Tantillo and Gradilone shall be released immediately upon execution of the

attached appearance bond before a judicial officer.  Counsel for Defendants, the

Government, and the Marshals shall secure the appearance of Tantillo, Gradilone,

and their suretors before the assigned duty officer by Wednesday, November 22,

2023.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 21, 2023

6

# EXHIBIT



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MRG/ALK/AMR                          *271 Cadman Plaza East*
F. #2020R00939                       *Brooklyn, New York 11201*


November 21, 2023


<u>By ECF and E-mail</u>

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Lanni, <u>et al.</u>,
       <u>Criminal Docket No. 23-443 (FB)</u>

Dear Judge Block:

   As the Court directed at this afternoon's appearance, the parties jointly propose the following bond conditions for defendants Diego Tantillo and Angelo Gradilone, in addition to the standard conditions of pretrial release.

   For defendant Diego Tantillo:

- The defendant will execute a $5 million bond co-signed by other financially responsible persons—including the defendant's wife, parents, brother, sister, and brother-in-law—and secured by the eight properties identified in Exhibit C to his bail appeal.
- The defendant will be subject to home incarceration and may not leave his residence except for medical necessities, court appearances, legal visits, and any other activities ordered by the Court.
- The defendant consents to the electronic monitoring of the content of calls and messages sent or received on his cellular telephone and other internet-enabled devices by Pretrial Services, with the exception of privileged communications.
- The defendant will be subject to cyber monitoring by Pretrial Services, provided that Pretrial Services will avoid capturing or monitoring privileged communications.
- The defendant will not access any cellular telephones or other internet-enabled devices belonging to other people.  All such devices belonging to

his family members will be protected by passwords to which the defendant does not have access.

- The defendant will give the government and Pretrial Services access to recordings of the video security system at his home and, if practicable, a real-time feed.
- The defendant will have no contact with any co-defendants, victims, witnesses, and members or associates of organized crime, other than in the presence of counsel.  The defendant may have contact with his brother.
- The defendant must not possess a firearm, destructive device, or other weapon.

For defendant Angelo Gradilone:

- The defendant will execute a $1 million bond co-signed by three other financially responsible persons and secured by a property owned by the defendant's wife and mother-in-law.
- The defendant will be subject to home detention.
- The defendant will have no contact with any co-defendants, victims, witnesses, and members or associates of organized crime, other than in the presence of counsel.
- The defendant must not possess a firearm, destructive device, or other weapon.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  _____/s/_____

Anna L. Karamigios
Matthew R. Galeotti
Andrew M. Roddin
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (FB) (by email and ECF)
      Counsel of Record (by email and ECF)